# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 26-272V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                              \*

KYLE JORDAN,            \*

              \*     Chief Special Master Corcoran

         Petitioner,    \*

              \*

         v.           \*     Originally filed: February 18, 2026

              \*     **Reissued for Public Availability:**

SECRETARY OF HEALTH AND    \*     **March 17, 2026**

HUMAN SERVICES        \*

              \*

         Respondent.    \*

              \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Kyle Jordan*, Las Vegas, Nevada, pro se Petitioner.

*Heather L. Pearlman,* U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING PETITION[1]

On February 17, 2026, Kyle Jordan filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that receiving COVID-19 vaccines on January 12, 2021, and February 9, 2021, caused him to suffer various injuries beginning on December 9, 2021.[3] ECF No. 1 (Petition).

---

[1] Pursuant to Vaccine Rule 18(b), this decision was first issued on February 18, 2026, and the parties were afforded 14 days to propose redactions. The parties did not propose any redactions. Accordingly, this decision is reissued in its original form for posting on the court's website.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa—10 through 34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

[3] Petitions for compensation in the Vaccine Program must be filed within 36 months of "the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." 42 U.S.C. § 300aa—16(a)(2). This statute of limitations period is triggered by the onset of Petitioner's symptoms not by when Petitioner first believed or discovered that his symptoms were related to the vaccine. *Cloer v. Sec'y of Health & Hum. Servs.*, 654 F.3d 1322, 1340 (Fed. Cir. 2011) (en banc). It has also been held that failure to be advised of the Vaccine Program does not support equitable tolling of the statute of limitations period for an untimely filed petition. *Speights v. Sec'y of Health & Hum. Servs.*, No. 03-2619V, 2013 WL 5944084, at \*13 (Fed. Cl. Spec. Mstr. Oct. 17, 2013). Thus, assuming Petitioner's stated onset of symptoms on December 9, 2021, the latest he could have timely filed his petition would have been December 9, 2024. Failure to file the petition by this date is another ground to dismiss this case.

To be entitled to compensation under the Vaccine Act, a petitioner must demonstrate that he or she received a vaccine listed on the Vaccine Injury Table (the "Table"). § 11(c)(1)(A); 42 C.F.R. § 100.3 (Table). Vaccines are added to this Table only after two steps are taken by the Department of Health and Human Services and by Congress. First, compensation in the Program can only be awarded to individuals "who have been injured by vaccines routinely administered to children." H.R. Rep. 99-908, 1986 U.S.C.C.A.N. 6344 at 3. Thus, the vaccine at issue must be designated by the Centers for Disease Control as appropriate for children or pregnant women (even if it is also administered to adults). Then, the Secretary of Health and Human Services may promulgate regulations to amend the Vaccine Injury Table to add the new vaccine. § 14(c)(1). Second, Congress must enact an excise tax on each vaccine listed on the Table to provide funds for compensation awarded to successful vaccine claims. A vaccine becomes the basis for a claim in the Vaccine Program on the date the tax is enacted. 26 U.S.C. § 4131(a); *see also* Omnibus Budget Reconciliation Act of 1993, Pub. L. No. 103–66, § 13632(a)(3), 107 Stat. 312 (1993).

The COVID-19 vaccine does not yet appear on the Table and is therefore not covered by the Vaccine Program. As a result, at the present time, *no* petitioner can demonstrate that he "received a vaccine set forth in the Vaccine Injury Table" based upon a COVID-19 vaccine. Section 11(c)(1)(A). Accordingly, the petition must be dismissed. *See, e.g.*, *Danberry v. Sec'y of Health & Hum. Servs.*, No. 20-778V, 2020 WL 6375330 (Fed. Cl. Spec. Mstr. Sept. 28, 2020) (dismissing a claim seeking compensation for injuries incurred after receiving Pneumovax-23 and Shingrix—two vaccines that are not set forth in the Table).[4]

## CONCLUSION

Accordingly, and for the aforementioned reasons, the Petition is dismissed. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[4] Petitioner may review the Court's notice about COVID-19 vaccine claims on its website: https://www.uscfc.uscourts.gov/vaccine-claims-office-special-masters.

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.

2